# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| A. Aheen Holmes, | Civil No.: 12cv1823 (PJS/SER) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| North Memorial & Timminnhann, Anthony A. Schamacher, and Thomas Timmon, | |
| Defendants. | |

Plaintiff filed a civil complaint, and an application seeking leave to proceed *in forma pauperis*, ("IFP") on July 26, 2012. (Docket Nos. 1 and 2.) Previously, the Court examined Plaintiff's submissions, and determined that her complaint was insufficient. Therefore, in an order dated September 7, 2012, (Docket No. 4), the Court declined to grant Plaintiff's IFP application, and directed her to file an amended complaint, as well as a memorandum explaining why her complaint should not be barred by *Younger v. Harris*, 401 U.S. 37 (1971). The order clearly stated that if Plaintiff did not file an amended complaint and the required *Younger* memorandum by September 28, 2012, the Court would dismissal without prejudice pursuant to Fed. R. Civ. P. 41(b).

The deadline for filing an amended complaint and *Younger* memorandum has now expired. To date, however, Plaintiff has not complied with the Court's prior order, nor has she offered any excuse for her failure to do so. Indeed, Plaintiff has not communicated with the Court at all since she filed her complaint nearly six months ago. Therefore, the Court will now recommend, in accordance with the prior order, that this action be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b). *See Henderson v. Renaissance Grand Hotel*, 267 Fed.Appx. 496, 497 (8th Cir.

1

2008) (unpublished opinion) ("[a] district court has discretion to dismiss an action under Rule 41(b) for a plaintiff's failure to prosecute, or to comply with the Federal Rules of Civil Procedure or any court order"); *see also Link v. Wabash Railroad Co.*, 370 U.S. 626, 630-31 (1962) (recognizing that a federal court has the inherent authority to "manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases").

Based upon the above, and upon all the records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's Application To Proceed *In Forma Pauperis*, (Docket No. 2), be **DENIED**; and

2. This action be **DISMISSED WITHOUT PREJUDICE**.


Dated: January 25, 2013
*s/Steven E. Rau*
Steven E. Rau
U.S. Magistrate Judge

Under D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **February 8, 2013**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within ten days after service thereof. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Court of Appeals.